**Adam Hauf 026702**
HAUF LAW PLC
4225 W Glendale Ave, Suite A104
Phoenix, AZ 85051
P: 623.252.0742 F: 623.321.2310
admin@hauflaw.com
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Case No. **2:17-bk-00633-DPC** |
| **PAULA KAY SHUMAN RONALD W. SHUMAN (single debtor dismissed May 4, 2017, DE 46)** | A Proceeding Under Chapter 13 |
| Debtors. | **SUPPLEMENT TO MAY 9, 2017, APPLICATION TO WITHDRAW AS COUNSEL FOR THE DEBTOR** (Local Rule 9010-1) |

Adam Hauf ("Applicant"), present counsel for Paula Kay Shuman ("Debtor"), hereby supplements his May 9, 2017, *APPLICATION TO WITHDRAW AS COUNSEL FOR THE DEBTOR* as follows

    4.    ***Dates and Time(s) of Any Court Hearings or Trial Settings***:

Hearing on Auto Title Loans USA, LLC's ("ATL") Motion to Dismiss Chapter 13 Case set for 5/25/2017 at 01:30 PM at 230 N. First Ave., 6th Floor, Courtroom 603, Phoenix, AZ. Responsive pleadings to ATL's Motion to Dismiss Case for Bad Faith Filing and Alternative Motion to Extend Deadline to File Sec 523(a) Complaint ("MTD") must be filed no later than May 17, 2017, and served upon counsel for ATL. True and correct copies of both the MTD and of the May 8, 2017, Notice of Hearing regarding the MTD are attached

/ / /

| | |
|---|---|
| 1 | hereto collectively as Exhibit "A" and incorporated herein by reference. |
| 2 | Respectfully Submitted this 9th day of May, 2017. |
| 3 | **HAUF LAW** |
| 4 | By: /s/ Adam Hauf |
| | Attorneys for Debtor(s) |
| 5 | |
| 6 | Copies of the forgoing mailed this 9th day of May, 2017, via first class mail, postage prepaid, |
| 7 | to the following parties: |
| 8 | Paula Kay Shuman |
| | Ronald W. Shuman |
| 9 | 6450 W. Gary Drive |
| | Chandler, AZ 85226 |
| 10 | Debtors |
| 11 | |
| | Edward J. Maney |
| 12 | Chapter 13 Trustee |
| | 101 N. First Ave., Suite 1775 |
| 13 | Phoenix, AZ 85003 |
| 14 | |
| | Kristin McDonald, Esq. |
| 15 | McCARTHY & HOLTHUS, LLP |
| | 8502 E. Via de Ventura, Suite 200 |
| 16 | Scottsdale, AZ 85258 |
| 17 | /s/ Max C. Burnett |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

2

1 Edwin B. Stanley, Esq., #011730
**SIMBRO & STANLEY, PLC**
2 8767 East Via de Commercio
Suite #103
3 Scottsdale, Arizona 85258-3374
(480) 607-0780
4 bstanley@simbroandstanley.com

5 Attorneys for Auto Title Loans USA, LLC

6 **IN THE UNITED STATES BANKRUPTCY COURT**

7 **IN AND FOR THE DISTRICT OF ARIZONA**

8 In re: ) In Proceedings Under Chapter 13

9 PAULA KAY SHUMAN, ) Case No. 2:17-bk-00633-DPC

10 Debtor. ) **MOTION TO DISMISS FOR BAD
) FAITH FILING, AND
11 ) ALTERNATIVE MOTION TO
) EXTEND DEADLINES FOR FILING
12 ) BANKRUPTCY CODE §523
) COMPLAINTS**
13 )
) Hearing Date:     TBD
14 _____ ) Hearing Time:     TBD

15
16     **AUTO TITLE LOANS USA, LLC** ("ATL") by and through its duly authorized,

17 undersigned attorneys, Simbro & Stanley, PLC, hereby moves pursuant to Bankruptcy Code

18 §1307(c) for an order dismissing this Chapter 13 case with prejudice. In the alternative, ATL

19 moves pursuant to Bankruptcy Rule 4007(d) for an order extending the deadline for ATL

20 to file a Bankruptcy Code §523(a) complaint against the Debtor to a date 60 days after the

21 Court's denial of ATL's motion to dismiss.

22     This Motion is supported by the Memorandum of Points and Authorities which is

23 attached hereto and incorporated herein by this reference, and by all other germane matters

24 of record before the Court.

25 //

26 //

27 //

28                         Page 1 of 6

**RESPECTFULLY SUBMITTED** this 2nd day of May, 2017.

SIMBRO & STANLEY, PLC

/s/ EBS #011730
Edwin B. Stanley, Esq.
8767 East Via de Commercio
Suite #103
Scottsdale, Arizona 85258
Attorneys for Auto Title Loans USA, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL AND PROCEDURAL BACKGROUND RELEVANT TO THIS MOTION.

The Debtor filed her voluntary Chapter 13 petition at 3:20 p.m. on January 23, 2917 (the "Petition Date").[1] The Petition Date was a busy day for the Debtor. Less than an hour before the petition was filed, she came to ATL's office and secured a loan in the amount of $8,000.00 secured by the title to her 2016 Ford Edge automobile. The Debtor cashed ATL's $8,000.00 check on the Petition date. She did not list the loan proceeds as cash on hand or deposit when she filed her sworn schedules.

The Debtor never made a payment on the loan and did not schedule ATL as a creditor in her Chapter 13 case. ATL did not receive notice of the bankruptcy filing until the last week of April, 2017, when ATL personnel contacted the Debtor regarding her delinquent payments. On May 1, 2017, the Debtor amended her Schedule "D" to include ATL. The amended Schedule "D" fails to set forth the collateral for ATL's loan. *See,* DK#42. As soon as ATL learned of the bankruptcy filing, ATL retained counsel and moved to protect its rights.

The Debtor filed a Chapter 13 plan on February 10, 2017. [DK#24] ATL's claim is

---

[1] The petition was originally a joint petition, but the Debtor's husband was subsequently dismissed for failing to attend the §341 first meeting of creditors.

Case 2:17-bk-00633-DPC    Doc 55    Filed 05/09/17    Entered 05/09/17 10:20:03    Desc
Main Document    Page 4 of 10

1   not mentioned or in any dealt with under the plan.

2       The Bankruptcy Code §341 first meeting of creditors was held on March 22, 2017.

3   ATL had no notice of this meeting and did not attend. The deadline for filing a

4   Bankruptcy Code §523(a) complaint is May 22, 2017.

5   **II.    ARGUMENTS AND AUTHORITIES.**

6       **A.    Applicable Standards.**

7           **1.    Standards for Evaluating Bankruptcy Code §1307(c) Bad Faith**

8               **Dismissal Motions.**

9       A Chapter 13 petition may be dismissed "for cause" pursuant to § 1307(c) of

10  the Bankruptcy Code if it was filed in bad faith. *In re Eisen*, 14 F.3d 469, 470 (9th Cir.

11  1994) (per curiam); *HSBC Bank, USA, N.A., v. Blendheim (In re Blendheim)*, 803 F.3d 477,

12  491 (9th Cir. 2015). In determining whether a debtor acted in bad faith, a Bankruptcy

13  Court must review the "totality of the circumstances," and consider the following factors:

14      (1) whether the debtor misrepresented facts in his petition or plan, unfairly

15      manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or

16      plan in an inequitable manner;

17      (2) the debtor's history of filings and dismissals;

18      (3) whether the debtor only intended to defeat state court litigation; and

19      (4) whether egregious behavior is present.

20  *Id., citing In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999). "[B]ankruptcy courts should

21  determine a debtor's good faith on a case-by-case basis, taking into account the particular

22  features of each Chapter 13 plan." *In re Goeb*, 675 F.2d 1386, 1390 (9th Cir. 1982)

23          **2.    Standards for Evaluating Rule 4007(d) Motions.**

24      Bankruptcy Rule 4007(d) provides that the deadline for filing a Bankruptcy Code

25  §523(a) complaint may be extended for cause. Like Bankruptcy Rule 4004(b)(1), the rule

26  fails to elaborate on what constitutes cause for a creditor to move for an extension. *See,* 9

27  Alan N. Resnick and Henry J. Sommer, *Collier on Bankruptcy* ¶ 4004.03[2] (16th ed. 2013).

28                          Page 3 of  6

SIMBRO & STANLEY, PLC
8767 East Via de Commercio, Suite #103
Scottsdale, Arizona 85258
(480) 607-0500

The same standard is used to evaluate cause for an extension under both Bankruptcy Rule 4004(b)(1) and 4007(d).  *Kennerley v. Allred (In re Kennerley),* 995 F.2d 145, 147 (9th Cir. 1993).

Although courts may differ on the precise articulation of standards to use when determining whether cause for an extension exists, the preponderant view employs a five factor test to use in evaluating a request for an extension: "(1) Whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues." *In re Chatkhan,* 455 B. R. 366, 367-68 (Bankr. E.D.N.Y 2011)(citations omitted).

**B.     The Debtor's Bad Faith is Manifest and Warrants Dismissal.**

The first and fourth standards articulated by the Ninth Circuit are clearly applicable to this case. The Debtor misrepresented the existence of the ATL loan and her possession of the $8,000.00 loan proceeds.  Borrowing money less than an hour prior to filing bankruptcy is an unfair and inequitable manipulation of the bankruptcy process. Filing false schedules and thereby hiding the existence of the loan from the Court and Trustee, and hiding the existence of the bankruptcy from ATL, simply compound the manipulation and demonstrate the Debtor's egregious bad faith.

The Debtor's ongoing attempts to manipulate the system are evident in the Chapter 13 plan that she filed. It does not deal with or otherwise disclose ATL's secured claim.  Her clear aim to defraud ATL out of $8,000.00 and then discharge the debt through an undisclosed bankruptcy demonstrates that the Debtor is undeserving of relief.

A fundamental purpose driving the bankruptcy system is to "relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." *In re Coleman*, 560 F.3d 1000, 1011 (9th Cir. 2009), *quoting Local Loan v. Hunt*, 292 U.S. 234, 244,

Page 4 of  6

SIMBRO & STANLEY, PLC
8767 East Via de Commercio, Suite #103
Scottsdale, Arizona 85258
(480) 607-0500

SIMBRO & STANLEY, PLC
8767 East Via de Commercio, Suite #103
Scottsdale, Arizona 85258
(480) 607-0500

54 S.Ct. 695, 78 L.Ed. 1230 (1934). The Debtor is not an unfortunate but honest debtor who deserves the relief that this Court can afford. She is merely attempting to manipulate the system for her own benefit and obtain relief to which she is not entitled. The Court should not condone this behavior by allowing the Debtor to retain the protections of bankruptcy. Accordingly, this case should be dismissed with prejudice.

**C.  ATL Meets the Cause Standard Under Rule 4007(d).**

ATL was not provided with notice of this case until late April, over 4 months after the Petition Date and less than 30 days prior to the May 22, 2017, deadline. ATL has been diligent and has moved forward quickly to protect its rights.

As set forth above,  the Debtor has clearly acted in bad faith.  She borrowed $8,000.00 with the clear intention of filing bankruptcy the same day and thereby escaping liability in her anticipated bankruptcy case. She has not cooperated with ATL and actively hid the ATL debt from the Court and the Trustee. She actively hid the existence of her bankruptcy case from ATL.

ATL has demonstrated that cause exists to extend the Rule 4007(d) deadline. If the Court does not dismiss this case, the Court should enter an order extending the deadline to 60 days after the entry of an order denying ATL's requested dismissal.

**III.  CONCLUSION.**

For all of the foregoing reasons, ATL requests that this case be dismissed with prejudice. In the alternative, ATL requests that the Court enter an order extending the time for ATL to file a Bankruptcy Code §523(a) complaint to the date that is 60 days after the entry of the order denying ATL's motion to dismiss. ATL also requests such other and further relief as is just and reasonable under the circumstances.

**RESPECTFULLY SUBMITTED** this 2nd day of May, 2017.

**SIMBRO & STANLEY, PLC**

Page 5 of  6

SIMBRO & STANLEY, PLC
8767 East Via de Commercio, Suite #103
Scottsdale, Arizona 85258
(480) 607-0500

1            /s/ *EBS* #011730
         Edwin B. Stanley, Esq.
2            8767 East Via de Commercio
         Suite #103
3            Scottsdale, Arizona 85258
         Attorneys for Auto Title Loans USA, LLC

4

5   Copies of the foregoing
electronically transmitted
6   or mailed where marked
with a *
7   this 2nd day of May, 2017
to:

8

9   Adam E. Hauf
Hauf Law, PLC.
10  adam@hauflaw.com
4225 W Glendale Avenue
11  Suite A-104
Phoenix, AZ 85051
12  Attorneys for the Debtor

13  Edward J. Maney
101 N. First Ave., Suite 1775
14  Phoenix, AZ 85003
Chapter 13 Trustee

15

16    /s/ *Sharon D. Kirby*

17

18

19

20

21

22

23

24

25

26

27

28                       Page 6 of 6

1  Edwin B. Stanley, Esq., #011730
   **SIMBRO & STANLEY, PLC**
2  8767 East Via de Commercio
   Suite #103
3  Scottsdale, Arizona 85258-3374
   (480) 607-0780
4  bstanley@simbroandstanley.com

5  Attorneys for Auto Title Loans USA, LLC

6              **IN THE UNITED STATES BANKRUPTCY COURT**

7              **IN AND FOR THE DISTRICT OF ARIZONA**

8  In re:                              ) In Proceedings Under Chapter 13
                                       )
9  PAULA KAY SHUMAN,                   ) Case No. 2:17-bk-00633-DPC
                                       )
10            Debtor.                  ) **NOTICE OF HEARING**
                                       )
11                                     ) Hearing Date:    May 25, 2017
                                       ) Hearing Time:    1:30 p.m.
12                                     ) Courtroom:       603
                                       )
13                                     ) Re:    DK#45
                                       )
14 _____ )

15         **NOTICE IS HEREBY** GIVEN that the Court will hold a hearing on the *"Motion*

16 *to Dismiss for Bad Faith Filing, and Alternative Motion to Extend Deadlines for Filing Bankruptcy Code*

17 *§523 Complaints"* (the "Motion") [DK#45] filed by Auto Title Loans USA, LLC ("ATL") on

18 May 25, 2017, at 1:30 p.m. at the United States Bankruptcy Court, 230 North First Avenue,

19 Phoenix, Arizona, Courtroom 603.

20         Any party opposing the Motion must file a written response on or prior to May 17,

21 2017, and serve a copy on counsel for ATL at the address set forth at the top of this Notice.

22         **RESPECTFULLY SUBMITTED** this 8th day of May, 2017.

23                                  **SIMBRO & STANLEY, PLC**

24

25                                  ___/s/ EBS #011730_____
                                    Edwin B. Stanley, Esq.
26                                  8767 East Via de Commercio
                                    Suite #103
27                                  Scottsdale, Arizona 85258
                                    Attorneys for Auto Title Loans USA, LLC
28
                                    Page 1 of 2

SIMBRO & STANLEY, PLC
8767 East Via de Commercio, Suite #103
Scottsdale, Arizona 85258
(480) 607-0500

1   Copies of the foregoing
    electronically transmitted
2   or mailed where marked
    with a *
3   this 8th day of May, 2017
    to:

4

5   Adam E. Hauf
    Hauf Law, PLC.
6   adam@hauflaw.com
    4225 W Glendale Avenue
7   Suite A-104
    Phoenix, AZ 85051
8   Attorneys for the Debtor

9   Edward J. Maney
    101 N. First Ave., Suite 1775
10  Phoenix, AZ 85003
    Chapter 13 Trustee

11
    All other creditors and
12  parties in interest per separate
    mailing certificate
13
     /s/ Sharon D. Kirby
14  _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          Page 2 of 2